**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| POTOMAC RIVERKEEPER, INC., *Plaintiff,* vs. CITY OF ALEXANDRIA, VIRGINIA, *Defendant.* | Civil Action No. 1:22-CV-506 (CMH/WEF) |

## NOTICE OF LODGING

Plaintiff Potomac Riverkeeper, Inc. ("Plaintiff") and Defendant City of Alexandria, Virginia (collectively, the "Parties") hereby provide notice that, contemporaneously with the filing of this pleading, they have lodged a Consent Decree with the Clerk of the Court. That Consent Decree, once entered, would resolve this action in its entirety.

The Parties also notify the Court that, in accordance with 33 U.S.C. § 1365(c)(3) and 40 C.F.R. § 135.5, the Consent Decree was provided to the Administrator of the United States Environmental Protection Agency (Administrator) and the Attorney General of the United States Department of Justice (Attorney General) for a 45-day review period that concluded on December 28, 2023. On December 27, 2023, the Attorney General notified the Parties that the United States has reviewed the Consent Decree and has no objection to its entry by the Court. *See* Exhibit 1.

Accordingly, the Parties request that the Court enter the Consent Decree.

Dated:  January 5, 2024                Respectfully submitted,


By: _____

Justin A. Savage (VSB No. 41871)
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000
jsavage@sidley.com

*Counsel for Plaintiff Potomac Riverkeeper, Inc.*


SEEN AND AGREED


_____
Frank Paul Calamita, III (VSB No. 34136)
AquaLaw
6 S. 5th Street
Richmond, VA 23219
804-716-9021
Email: paul@aqualaw.com

*Counsel for Defendant City of Alexandria, Virginia*

2

**CERTIFICATE OF SERVICE**

    I hereby certify that on this fifth day of January 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                                                                                       _____

                                                                                                                       Justin A. Savage

# Exhibit 1



**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-06323

*Law and Policy Section*                                            *Telephone (202) 514-1442*
*P.O. Box 7415*                                                         *Facsimile (202) 514-4231*
*Washington, DC  20044-7415*

December 27, 2023

PROVIDED TO COUNSEL OF RECORD
TO SUBMIT TO THE COURT VIA ECF

Clerk's Office
United States District Court
Eastern District of Virginia
Albert V. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

        Re:    *Potomac Riverkeeper, Inc. v. City of Alexandria, Virginia* (E.D. Va.), Case No. 1:22-cv-506

Dear Clerk of Court:

        I am writing to notify you that the United States has reviewed the proposed consent judgment in this action and does not object to its entry by this Court.

        On November 13, 2023, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent judgment in the above-referenced case for review pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3).[1]  This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

---

[1] The term "consent judgment" in the Clean Water Act citizen suit provisions has a broad meaning and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case.  For example, a document stipulating to dismissal of a case of any part thereof is within the scope of this language.  Such documents and any associated instruments must be submitted to the United States and the court for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials.  The Department monitors citizen suit litigation to review compliance with this requirement.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.

In its review, the United States seeks to ensure that the proposed consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or an environmentally beneficial project payment sufficient to deter future violations, or combinations of the above.

In this case, the proposed consent decree requires, *inter alia*, that the City of Alexandria submit a payment to a non-party organization to be used to carry out environmental projects in the Potomac River. Where a consent judgment provides for the payment of sums to a third party that is to undertake an environmentally beneficial project and/or acquire a property interest that will have environmental benefits, the United States typically requests that the third party provide a letter to the Court and to the United States representing that it is a 501(c)(3) tax exempt entity and that it: (1) has read the proposed consent judgment; (2) will spend any monies it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any money received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the funds were spent. In a letter attached hereto, the intended recipient of the funds confirmed that any funds received as a result of the proposed consent decree would be used solely for the purpose outlined in the consent decree and no portion of the funds would be used for political lobbying activities. The United States believes that this letter will help to ensure that any monies expended under the consent judgment will be used in a manner that furthers the purposes of the Clean Water Act and that is consistent with the law and the public interest.

Given the facts of this case, the United States has no objection to the proposed consent judgment. The fact that we do not have a basis to object to this consent judgment does not imply approval of this instrument.

The United States affirms for the record that it is not bound by this settlement. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications. *See* 33 U.S.C. §1365(c)(3).

We appreciate the attention of the Court.  Please contact the undersigned at 202-532-3158 if you have any questions.

Sincerely,

*/s/ David Gualtieri*

David Gualtieri, Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 7415
Washington, D.C.  20044-4390

cc:  Counsel of Record via ECF

- 3 -

# EXHIBIT A



# COMMONWEALTH of VIRGINIA
## Department of Wildlife Resources

**Travis Voyles**
*Secretary of Natural and Historic Resources*

**Ryan J. Brown**
*Executive Director*

December 7, 2023

Justin W. Curtis
AquaLaw PLC
6 S. 5th Street
Richmond, VA 23219

Matthew C. Brewer
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005

Mr. Curtis and Mr. Brewer:

This letter responds to your inquiry about the mussel propagation project referenced in the proposed consent decree for *Potomac Riverkeeper, Inc. v. City of Alexandria, Virginia*, 1:22-CV-506 (E.D. Va.). Below are responses to the questions you asked me to address:

1. The project will be implemented by the Virginia Department of Wildlife Resources, an agency of the Commonwealth of Virginia, in coordination with the United States Fish and Wildlife Service, acting jointly through the Virginia Fisheries and Aquatic Wildlife Center at Harrison Lake National Fish Hatchery, Charles City, Virginia (VFAWC).

2. We have received and reviewed a copy of the proposed consent decree.

3. Any funds received in connection with the proposed consent decree will be used solely for the purposes stated in the proposed consent decree, as detailed in the attached proposal.

4. No money received under the proposed consent decree will be used for political lobbying activities.

5. Upon completion of the mussel propagation project, we will prepare a letter describing how the funds were spent.

6. Please refer to the *Proposal for Mussel Restoration in the Potomac River* (October 2023) for a detailed description of the project and how the funds will be spent. The proposal is attached to the proposed consent decree in Appendix D.

Sincerely,

*Brian T. Watson*

Brian T. Watson
Aquatic Resources Biologist/State Malacologist
Virginia Department of Wildlife Resources