IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

POTOMAC RIVERKEEPER, INC.,

    *Plaintiff,*

vs.

CITY OF ALEXANDRIA, VIRGINIA,

    *Defendant.*

Civil Action No. 1:22-CV-506 (CMH/WEF)

## CONSENT MOTION TO ENTER CONSENT DECREE

Plaintiff Potomac Riverkeeper, Inc. ("PRK") and Defendant City of Alexandria, Virginia (the "City") (collectively, the "Parties") here jointly move for entry of the Consent Decree. In support of this Joint Motion, the Parties state as follows:

1. This citizen suit action was brought under section 505 of the Clean Water Act ("CWA") and section 7002 of the Resource Conservation and Recovery Act ("RCRA") related to alleged ongoing discharges of pollutants from a stormwater outfall located at the eastern end of Oronoco Street in Alexandria, Virginia (the "Outfall") into the Potomac River as prohibited by Sections 301(a) and 402 of the CWA, 33 U.S.C. §§ 1311(a) and 1342, and Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B).

2. A pipeline, installed in 1977, travels beneath the centerline of Oronoco Street adjacent to the site of a former manufactured gas plant ("MGP") built by the City in or around 1851. The pipeline runs eastward to the River where it discharges via the Outfall into the River.

3. Coal tar and creosote wastes from the MGP site have episodically entered the Outfall pipe and discharged into the River throughout the period from on or around 1984 to present, and migrated through the soil and stormwater pipe bedding material.

4. On May 9, 2022, PRK filed its Complaint against the City, *see* Dkt. 1, for declaratory and injunctive relief, and penalties and costs as permitted under the CWA and RCRA.

5. Over the course of more than a year, the Parties conducted settlement negotiations to resolve this matter and were able to determine mutually acceptable terms that include three injunctive relief programs and an environmentally beneficial project to be funded by the City.

6. In accordance with 40 C.F.R. § 135.5, the Parties provided a copy of the Consent Decree to the Administrator of the United States Environmental Protection Agency ("Administrator") and the Attorney General of the United States Department of Justice ("Attorney General") on November 1, 2023. The Attorney General responded on December 27, 2023 indicating the United States has no objection to the Consent Decree.

7. The Consent Decree is fair, adequate, and reasonable, and consistent with Fourth Circuit standards for the approval of settlements. *See United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) (explaining that the standard for approval of a consent decree is whether it is "fair, adequate, and reasonable" and "is not illegal, a product of collusion, or against the public interest.")

8. The Parties have significant knowledge of the issues in this matter, and worked in concert for years prior to the filing of the Complaint. Following the filing of the Complaint, the Parties were able to increase their efforts to come to a good faith resolution that is focused on the health of the environment and the Alexandria community. Parties have been aided by their respective technical consultants, as well as a third-party independent technical consultant, in crafting the remedy and terms of the injunctive relief projects and environmentally beneficial project. The process has been free of collusion and the Parties have been cognizant that any settlement will be subject to public scrutiny.

9. The Consent Decree is consistent with public policy and the goals of the CWA and RCRA, which are, respectively, "to restore and maintain the chemical, physical, and biological integrity of the nation's waters," 33 U.S.C. 1 1251(a), and "to promote the protection of health and the environment," 42 U.S.C. § 6902(a). The terms of the Consent Decree will ensure that any environmental contamination is adequately remediated and protect against any further pollution.

WHEREFORE, the Parties respectfully request that this Court enter the Consent Decree.

Dated: January 5, 2024

Respectfully submitted,

By:

_____
Justin A. Savage (VSB No. 41871)
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000
jsavage@sidley.com

*Counsel for Plaintiff Potomac Riverkeeper, Inc.*

SEEN AND AGREED

_____
Frank Paul Calamita, III (VSB No. 34136)
AquaLaw
6 S. 5th Street
Richmond, VA 23219
804-716-9021
Email: paul@aqualaw.com

*Counsel for Defendant City of Alexandria, Virginia*

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on this fifth day of January 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                                  Justin A. Savage

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

POTOMAC RIVERKEEPER, INC.,

        *Plaintiff,*

vs.

CITY OF ALEXANDRIA, VIRGINIA,

        *Defendant.*

Civil Action No. 1:22-CV-506 (CMH/WEF)

## [PROPOSED] ORDER

This matter comes before the Court on the Parties' Joint Motion to Enter the Consent Decree. Dkt. _____.

Having considered the Motion and for good cause shown, the Court GRANTS the Joint Motion and the Consent Decree is ENTERED.

_____
Claude M. Hilton
United States District Judge

Date:
Alexandria, VA